IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wesley Edward Smith, III, | C/A No. 2:13-3346-DCN-JDA |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| South Carolina; City of Charleston; City of Bonneau; City of North Charleston; City of Monks Corner; City of Beaufort; City of Hanahan; City of Georgetown; City of Mt. Pleasant, all while operating within the territorial boundaries of the federal law and constitution, | |
| Defendants. | |

Wesley Edward Smith, III ("Plaintiff"), proceeding pro se, apparently brings this civil action for violation of his constitutional rights pursuant to 42 U.S.C. § 1983 and seeks a declaratory judgment pursuant to 28 U.S.C. § 2201. Plaintiff is a non-prisoner, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

Background

Even giving liberal construction to the vague and difficult to decipher Complaint, Plaintiff alleges mainly legal conclusions against South Carolina and several municipalities—City of Charleston, City of Bonneau, City of North Charleston, City of Monks Corner, City of Beaufort, City of Hanahan, City of Georgetown, and City of Mt. Pleasant ("the municipalities"). Complaint [Doc. 1]. Specifically, he alleges that his due process rights have been violated, the judicial processes used against him were wrongful, and that judgments entered against him apparently in state and municipal courts were

malicious, "self awarding," and "one sided." [Doc. 1 at 3–5; Doc. 1-2 at 1–2.] Plaintiff appears to contend that he did not receive notice related to certain judicial processes, and there may have been an unknown hearing where witnesses and evidence were presented against him regarding his committing wrongful acts. [Doc. 1 at 3–5.] Plaintiff does not allege any specific factual allegations regarding the judgments entered against him except that they relate to traffic violations or other misconduct. [Doc. 1-2 at 1–2.] He seems to allege that from 1993 through today Defendants have arrested, detained, harassed, and interrogated him while he was operating a vehicle, attending school, and working. *Id.* Plaintiff seeks a declaratory judgment against Defendants for his alleged "perceived" due process violations. [Doc. 1 at 6; Doc. 1-2 at 2.]

## Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to

state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

The Complaint appears to be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Although the Court must liberally construe the *pro se* Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

3

556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory).

With the exception of South Carolina, all of the named Defendants are municipalities within South Carolina. A municipality may be sued pursuant to § 1983 if a Plaintiff can demonstrate that the municipality has a policy or custom that caused his injury. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 689 (1978) (municipalities and other local government bodies are "persons" within the meaning of § 1983, but plaintiff must identify a municipal "policy or custom" that caused plaintiff's injury). Here, Plaintiff has failed to allege any facts regarding customs or policies by any of the municipalities that caused him injury. *See also Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (a local government cannot be vicariously liable for its employees' actions). Thus, Plaintiff fails to state a plausible § 1983 claim against the City of Charleston, City of Bonneau, City of North Charleston, City of Monks Corner, City of Beaufort, City of Hanahan, City of Georgetown, and City of Mt. Pleasant.

However, to the extent the Complaint may be construed such that Plaintiff states a plausible claim against a Defendant, this Court should dismiss this action based on abstention because it appears that Plaintiff is attempting to have this Court set aside or invalidate prior state or municipal judgments entered against him. Where a plaintiff files an action in a United States district court to seek review and reversal of a state court judgment rendered before the district court proceedings commenced, the claim is barred

by the *Rooker-Feldman* doctrine; only the United States Supreme Court may review state-court decisions.  See *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006) (explaining how the expansive interpretation of the *Rooker-Feldman* doctrine was limited by *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)); *see also Smalley v. Shapiro & Burson*, 526 F. App'x 231, 235–36 (4th Cir. 2013) (party losing in state court is barred from seeking what in substance would be appellate review of state judgment, and the doctrine applies to matters directly addressed by the state court and claims which are inextricably intertwined with state court decisions).  Here, Plaintiff alleges the judicial processes in state and municipal courts violated his due process rights and judgments entered against him were malicious, "self awarding," and "one sided."  It appears that the crux of Plaintiff's case is an attempt to overrule or invalidate state and municipal court decisions entered prior to this case.  *See In re Genesys Data Tech., Inc.*, 204 F.3d 124, 127 (4th Cir. 2000) (noting that pursuant to 28 U.S.C. § 1738 all federal courts must give full faith and credit to valid state court judgments).  Therefore, the entire action should be dismissed for lack of jurisdiction pursuant to the *Rooker-Feldman* abstention doctrine.[1]

To the extent Plaintiff brings this action against South Carolina seeking damages[2], the State has immunity from suit in this Court.  "[W]e have understood the Eleventh

---

1) This Court acknowledges that "[t]he Supreme Court has repeatedly instructed that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.'" *Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007).  Abstention doctrines are rare exceptions to a federal court's duty to exercise the jurisdiction conferred upon it.  *Id.*

2) Although the Complaint seeks declaratory relief, on the civil cover sheet Plaintiff submitted to the Court he requests $10,000,000,000 in damages. [Doc. 2.]

Amendment to confirm the structural understanding that States entered the Union with their sovereign immunity intact. . . .'" *Virginia Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1637-38 (2011).  "A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation.  But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Id.* (citations omitted).  The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *Id.* at 1637 n.1.  *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).  Under *Pennhurst State Sch. & Hosp.*, a State must expressly consent to suit in a federal district court, which South Carolina has not done.  *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State).  Accordingly, South Carolina should be dismissed based upon Eleventh Amendment immunity.

Moreover, because Plaintiff seeks a declaratory judgment, this Court in its discretion should dismiss this action and decline to enter a declaratory judgment.  *See White v. National Union Fire Ins. Co.*, 913 F.2d 165, 167 (4th Cir. 1990) (explaining that a district court in its discretion may refuse to issue a declaratory judgment). In the declaratory

judgment context, "'. . . the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.'" *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 296 (4th Cir. 2005) (citation omitted). For a district court to have jurisdiction to issue a declaratory judgment, two conditions must be satisfied: (1) Article III "case or controversy" must be satisfied; and (2) the "prudential" inquiry by the trial court that declaratory relief is appropriate. *White*, 913 F.2d at 167. "Two questions should be asked when a court makes such a prudential decision: (1) whether the judgment will serve a useful purpose in clarifying the legal relations in issue; or (2) whether the judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id.* at 168 (internal quotations omitted). Based on the vague factual allegations and difficult to decipher Complaint, this Court should in its discretion decline to enter a declaratory judgment because the prudential prong is not satisfied; here, a declaratory judgment would serve no useful purpose in clarifying the legal relations in issue.

## Recommendation

Accordingly, it is recommended that the District Court dismiss this action *without prejudice* and *without issuance and service of process*. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

s/ Jacquelyn D. Austin
United States Magistrate Judge

December 20, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).